UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael S. Kurland,
    Plaintiff

    v.                                      Case No. 12-cv-239-SM

William H. Quigley, III,
and Town of Brookline
Board of Selectmen,
    Defendants

**O R D E R**

    Re:  (Document No. 4), Defendants' Motion to Dismiss

    **Ruling**:  Granted as to Count II.  Count II asserts a constitutional claim, via the provisions of 42 U.S.C. § 1983, which is barred by applicable New Hampshire res judicata and collateral estoppel principles.  Plaintiff alleges that a hearing before a Board of Selectmen (regarding charges that plaintiff, a town police officer, violated town and police department policies), as well as the investigation by the Chief of Police that led to those charges, violated his federal due process rights.  But plaintiff previously litigated those very same claims in state court, obtaining an unfavorable resolution from the New Hampshire Superior Court, which he did not appeal.  While the Chief of Police was not a party to that litigation, he properly invokes the doctrine of non-mutual collateral estoppel here.  See Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 771 (1st Cir. 2010).  Caouette v. Town of New Ipswich, 125 N.H. 547, 554 (1984).  Issues identical to those raised here - involving the hearing, investigation, and plaintiff's due process claims were fully litigated in state court.  Count II being dismissed, the court declines to exercise supplemental jurisdiction over the state law claims asserted in the complaint.  See 28 U.S.C. § 1367(c).  The case is remanded to the New Hampshire Superior Court (Hillsborough County).  (See 28 U.S.C. § 1447(c).

_/s/ Steven J. McAuliffe_
Steven J. McAuliffe
United States District Judge

Date:  March 18, 2013

cc:  Michael S. Kurland, pro se
     Donald L. Smith, Esq.