UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael S. Kurland,
        Plaintiff

        v.                                    Case No. 12-cv-239-SM

William H. Quigley, III,
and Town of Brookline
Board of Selectmen,
        Defendants

**O R D E R**

        Re:  (Document No. 4), Defendants' Motion to Dismiss

        **Ruling**:  Granted as to Count II.  Count II asserts a
constitutional claim, via the provisions of 42 U.S.C. § 1983,
which is barred by applicable New Hampshire res judicata and
collateral estoppel principles.  Plaintiff alleges that a hearing
before a Board of Selectmen (regarding charges that plaintiff, a
town police officer, violated town and police department
policies), as well as the investigation by the Chief of Police
that led to those charges, violated his federal due process
rights.  But plaintiff previously litigated those very same
claims in state court, obtaining an unfavorable resolution from
the New Hampshire Superior Court, which he did not appeal.  While
the Chief of Police was not a party to that litigation, he
properly invokes the doctrine of non-mutual collateral estoppel
here.  See Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 771
(1st Cir. 2010).  Caouette v. Town of New Ipswich, 125 N.H. 547,
554 (1984).  Issues identical to those raised here - involving
the hearing, investigation, and plaintiff's due process claims
were fully litigated in state court.  Count II being dismissed,
the court declines to exercise supplemental jurisdiction over the
state law claims asserted in the complaint.  See 28 U.S.C.
§ 1367(c).  The case is remanded to the New Hampshire Superior
Court (Hillsborough County).  (See 28 U.S.C. § 1447(c).

_____
Steven J. McAuliffe
United States District Judge

Date:  March 18, 2013

cc:  Michael S. Kurland, pro se
     Donald L. Smith, Esq.